UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PHILIP A. TURNEY; BILLY RAY BARTLETT; JAMES S. HENDRICKSON; MICHAEL A. McCALL; and REUBEN J. CORTES,<br><br>Plaintiffs,<br><br>v.<br><br>HENRY ATENCIO; RONA SIEGERT; JOHN G. MIGLIORI; MURRAY F. YOUNG; APRIL C. DAWSON; JOHN and JANE DOES A-Z; CORIZON, INC.; and IDAHO DEPARTMENT OF CORRECTION,<br><br>Defendants. | Case No. 1:18-cv-00001-BLW<br><br>**ORDER OF SEVERANCE** |

Plaintiffs Philip A. Turney, Billy Ray Bartlett, James M. Hendrickson, Michael A. McCall, and Reuben J. Cortes are prisoners in the custody of the Idaho Department of Correction.[1] In this civil rights action, Plaintiffs assert that they have been denied adequate medical care with respect to the treatment they have received for Hepatitis-C while incarcerated and that Defendants have violated the Americans with Disabilities Act and the Rehabilitation Act. (Compl., Dkt. 11.)

---

[1] Plaintiffs also attempt to name as plaintiffs "John Roe," "Jane Roe," "John Stiles," "Jane Stiles," "John Miles," and "Jane Miles." (Dkt. 11 at 1.) However, Plaintiffs make clear in the Complaint that these are fictitious names, intended to represent other inmates in Idaho prisons. (*Id*. at 11 to 11-A.) Because a fictitious person cannot file a lawsuit, these other purported plaintiffs will be terminated as parties to this action.

**ORDER OF SEVERANCE - 1**

In the exercise of its discretion, the Court finds that a multi-plaintiff pro se lawsuit is inappropriate in this matter, given the confidentiality and security concerns inherent in cases involving inmates' medical records. Because each claim will turn on each inmate's particular (and confidential) medical treatment, the Rule 20 factors for permissive joinder are not met. Fed. R. Civ. P. 20(a)(1)(A).

The difficulties of managing this case as a multi-prisoner lawsuit, in light of prison security concerns, are greater than the benefits. The prison regulates inmate meetings, inmate-to-inmate correspondence, and inmate bartering for jailhouse lawyer services. Further, not all of the Plaintiffs even reside in the same institution. Severing the claims into separate actions will provide a balance between due consideration of prison regulations and protection of the right of inmates to access the courts.[2]

However, the claims of all five Plaintiffs relate to a similar course of treatment for Hepatitis-C. Because all of the cases may benefit from coordinated processing, the severed cases will remain with the undersigned judge.

Plaintiff Turney will be permitted to proceed with his claims under the instant case number. The claims of Plaintiffs Bartlett, Hendrickson, McCall, and Cortes will be severed into four new, separate cases.

---

[2] In addition, a non-attorney plaintiff proceeding pro se is not permitted to act as legal representative of, or make claims on behalf of, anyone but himself. Therefore, it is necessary that each Plaintiff bring *only* his own claims. See *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) (per curiam). Inmates do not possess a First Amendment right to provide legal assistance to fellow inmates beyond the protection normally accorded prisoners' speech. *Shaw v. Murphy*, 532 U.S. 223 (2001).

**ORDER OF SEVERANCE - 2**

**ORDER**

**IT IS ORDERED:**

1. The fictitious plaintiffs identified as "John Roe," "Jane Roe," "John Stiles," "Jane Stiles," "John Miles," and "Jane Miles" are TERMINATED as parties to this action.

2. Plaintiffs' request that the Court provide them with a list of other cases involving Hepatitis-C treatment so that Plaintiffs may "conduct the necessary research to determine what affect [sic] they may have" on the instant case (Dkt. 20) is DENIED.

3. The Clerk of Court is directed to SEVER the claims of Billy Ray Bartlett, James S. Hendrickson, Michael A. McCall, and Reuben J. Cortes into four new cases—by docketing, in each new case, a copy of the Complaint (Dkt. 11 in the instant action) and a copy of this Order—to be assigned to the undersigned judge. Plaintiffs Billy Ray Bartlett, James S. Hendrickson, Michael A. McCall, and Reuben J. Cortes are TERMINATED as parties to this action, which will proceed with Philip A. Turney as the only Plaintiff.

4. The Applications to Proceed in Forma Pauperis filed by Plaintiffs Bartlett, Hendrickson, McCall, and Cortes (Dkt. 3, 5, 7, 9 and 18) are TERMINATED on the docket in this action. The Clerk of Court is directed to refile these Applications—along with the Statements of Prisoner Trust

Fund Accounts filed by these Plaintiffs—in Bartlett's, Hendrickson's, McCall's, and Cortes's new cases, respectively.[3]

5. If an individual plaintiff's in forma pauperis applications is granted, the plaintiff will be required to pay only a proportional share of the filing fee for the original complaint in this action, and each complaint will relate back to the filing date of the original complaint, to avoid a statute of limitations problem that might result from the new filing date.

DATED: February 28, 2018

B. Lynn Winmill
Chief U.S. District Court Judge

---

[3] Cortes has filed two applications for in forma pauperis status, both of which will be re-docketed in Cortes's new case. (Dkts. 9, 18.)

**ORDER OF SEVERANCE - 4**