J. Kevin West, ISB #3337
Email: KWest@parsonsbehle.com
Dylan A. Eaton, ISB #7686
Email: DEaton@parsonsbehle.com
Parsons, Behle & Latimer
800 W. Main Street, Suite 1300
Boise, Idaho 83702
Telephone:     (208) 562-4900
Facsimile:     (208) 562-4901

Counsel for Defendants Corizon, Inc., John G. Migliori, Murray F. Young, and April C. Dawson

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PHILIP A. TURNEY,<br><br>Plaintiff,<br><br>v.<br><br>HENRY ATENCIO; RONA SIEGERT; JOHN G. MIGLIORI; MURRAY F. YOUNG; APRIL C. DAWSON; JOHN and JANE DOES A-Z; CORIZON, INC.; and IDAHO DEPARTMENT OF CORRECTION,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:18-cv-001 - BLW<br><br>**DEFENDANTS CORIZON, INC., JOHN G. MIGLIORI, MURRAY F. YOUNG, AND APRIL C. DAWSON'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW Defendants, Defendants Corizon, Inc., John G. Migliori, Murray F. Young and April C. Dawson ("Corizon Defendants"), by and through their counsel of record, Parsons Behle & Latimer, and in answer to Plaintiff's Complaint (hereinafter "Complaint") on file herein, answer, allege, and state as follows:

DEFENDANTS CORIZON, INC., JOHN G. MIGLIORI, MURRAY F. YOUNG, AND APRIL C. DAWSON'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL - 1
4822-7241-9173v1

**FIRST DEFENSE**

Plaintiff's Complaint, and each and every allegation contained therein, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Corizon Defendants deny each and every allegation in Plaintiff's Complaint, except those allegations specifically admitted herein.

**THIRD DEFENSE**

With respect to the specific allegations contained in Plaintiff's Complaint, Corizon Defendants admit or deny as follows:

**INTRODUCTION**

The Court's Initial Review Order has denied class certification without prejudice [Dkt. 23, pp. 21-24] and, therefore, Corizon Defendants will not respond to, and therefore deny, any allegations by the alleged class as a whole.

The paragraphs in the "Introduction" section of the Plaintiff's Complaint contain a summary of the Plaintiff's allegations, which are later alleged individually within the body of the Plaintiff's Complaint. These answering Defendants will answer each individual allegation below and therefore, no response to the "Introduction" is required.

To the extent a response is required, based on information and belief, Corizon Defendants admit Plaintiff is currently an inmate at an Idaho Department of Correction prison facility and has been assessed as having contracted certain genotypes of the hepatitis-C virus (HVC or Hep-C). Corizon Defendants admit that previous treatment for HVC could include Interferon injections depending on the circumstances, including but not limited to the presentment and history of the patient and medical conditions and symptoms. Corizon Defendants admit that there are now newer

FDA-approved medications for HVC that can be utilized by providers depending on the circumstances, including but not limited to the presentment and history of the patient and medical conditions and symptoms. Any information, documents, positions or guidelines provided by American Association for the Study of Liver Disease, Association for the Study of Infection Disease, the United States Public Health Service, Food and Drug Administration, the Unites States Department of Veteran Affairs and any other entity speak for themselves. Corizon Defendants deny that any such entities, in an of themselves, establish the standard of care for treatment HVC for Plaintiff in this case and such requires expert opinions that will be disclosed later in this litigation. Corizon Defendants object to "breakthrough drug" as vague and overbroad. Corizon Defendants deny that they have failed to provide appropriate care to Plaintiff and deny that any of their actions or inactions constitute deliberate indifference under the U.S. Constitution and Eighth Amendment. To the contrary, Corizon Defendants have provided appropriate care and treatment of Plaintiffs. The remainder of the allegations in the introduction are denied.

## JURISDICTION AND VENUE

1.      With regard to paragraph 1 of the Plaintiff's Complaint, Corizon Defendants admit that Plaintiff has asserted Constitutional claims under the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983. The Plaintiff's remaining Constitutional claims have been dismissed by the Court and therefore no response is required to the remainder of paragraph 1.

2.      With regard to paragraph 2 of Plaintiff's Complaint, Corizon Defendants admit that this Court has jurisdiction over the subject matter of the Complaint.

3.      With regard to paragraph 3 of the Plaintiff's Complaint, Corizon Defendants admit that Plaintiff has asserted a claim under the Idaho State Constitution.

4.      With regard to paragraph 4 of the Plaintiff's Complaint, Corizon Defendants  admit

that this Court has exercised supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5.      With regard to paragraph 5 of the Plaintiff's Complaint, Corizon Defendants admit that allegations asserted by the Plaintiff are alleged to have occurred in the State of Idaho. Corizon Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5.

6.      With regard to paragraph 6 of the Plaintiff's Complaint, Corizon Defendants admit that this case is properly venued in this Court.

## PLAINTIFFS

### Plaintiff Philip A. Turney

7.      With regard to paragraph 7 of Plaintiff's Complaint, Corizon Defendants admit that Plaintiff Turney has been an inmate in Idaho Department of Correction prisons.  The remainder of allegations are denied for lack of information and knowledge.

8.      With regard to paragraph 8, Corizon Defendants admit that medical providers discussed Plaintiff Turney's labs and Hep-C with him in 2001.  The remainder of the allegations are denied for lack of knowledge or information.

9.      Corizon Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 of Plaintiff's Complaint and, therefore, it is denied on this basis at this time.

10.     With regard to paragraph 10 of Plaintiff's Complaint, Corizon Defendants admit that medical providers spoke with Plaintiff Turney regarding his Hep-C in 2003 and that the medical records from that that time period speak for themselves, including a clinic note on or about October 8, 2003 that indicates Plaintiff wanted to wait on any treatment at that time.

11.     Corizon Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 of Plaintiff's Complaint and, therefore, said allegations are denied on this basis at this time.

12.     Corizon Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 of Plaintiff's Complaint and, therefore, said allegations are denied on this basis at this time.

13.     Corizon Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 of Plaintiff's Complaint and, therefore, the allegations are denied on this basis at this time.

14.     With regarding to paragraph 13 of Plaintiff's Complaint, based on information and belief, Corizon Defendants admit that Plaintiff Turney is currently incarcerated at the Idaho State Correctional Center (ISCC).  The remainder of the allegations are denied for lack of information and knowledge.

15.     Corizon Defendants deny the allegations in paragraph 15 of Plaintiff's Complaint.

16.     Corizon Defendants deny the allegations in paragraph 16 of Plaintiff's Complaint.

**Billy Ray Bartlett**

17.     This individual is not a Plaintiff to this case and therefore a response is not required. To the extent a response is required, see Corizon Defendants' responses to the allegations in this individual's separate lawsuit.

18.     This individual is not a Plaintiff to this case and therefore a response is not required. To the extent a response is required, see Corizon Defendants' responses to the allegations in this individual's separate lawsuit.

19.     This individual is not a Plaintiff to this case and therefore a response is not required.

To the extent a response is required, see Corizon Defendants' responses to the allegations in this individual's separate lawsuit.

20.      This individual is not a Plaintiff to this case and therefore a response is not required. To the extent a response is required, see Corizon Defendants' responses to the allegations in this individual's separate lawsuit.

21.      This individual is not a Plaintiff to this case and therefore a response is not required. To the extent a response is required, see Corizon Defendants' responses to the allegations in this individual's separate lawsuit.

**Plaintiff James Hendrickson**

22.      Plaintiff Hendrickson voluntarily dismissed his claims in this case [Dkt. 12] and therefore no response is required.

23.      Plaintiff Hendrickson voluntarily dismissed his claims in this case [Dkt. 12] and therefore no response is required.

24.      Plaintiff Hendrickson voluntarily dismissed his claims in this case [Dkt. 12] and therefore no response is required.

**Plaintiff Michael A. McCall**

25.      This individual is not a Plaintiff to this case and therefore a response is not required. To the extent a response is required, see Corizon Defendants' responses to the allegations in this individual's separate lawsuit.

26.      This individual is not a Plaintiff to this case and therefore a response is not required. To the extent a response is required, see Corizon Defendants' responses to the allegations in this individual's separate lawsuit.

27.      This individual is not a Plaintiff to this case and therefore a response is not required.

To the extent a response is required, see Corizon Defendants' responses to the allegations in this individual's separate lawsuit.

28.      This individual is not a Plaintiff to this case and therefore a response is not required. To the extent a response is required, see Corizon Defendants' responses to the allegations in this individual's separate lawsuit.

### Reuben J. Cortes

29.      This individual is not a Plaintiff to this case and therefore a response is not required. To the extent a response is required, see Corizon Defendants' responses to the allegations in this individual's separate lawsuit.

30.      This individual is not a Plaintiff to this case and therefore a response is not required. To the extent a response is required, see Corizon Defendants' responses to the allegations in this individual's separate lawsuit.

31.      This individual is not a Plaintiff to this case and therefore a response is not required. To the extent a response is required, see Corizon Defendants' responses to the allegations in this individual's separate lawsuit.

32.      This individual is not a Plaintiff to this case and therefore a response is not required. To the extent a response is required, see Corizon Defendants' responses to the allegations in this individual's separate lawsuit.

33.      This individual is not a Plaintiff to this case and therefore a response is not required. To the extent a response is required, see Corizon Defendants' responses to the allegations in this individual's separate lawsuit.

34.      This individual is not a Plaintiff to this case and therefore a response is not required. To the extent a response is required, see Corizon Defendants' responses to the allegations in this

individual's separate lawsuit.

35.     This individual is not a Plaintiff to this case and therefore a response is not required. To the extent a response is required, see Corizon Defendants' responses to the allegations in this individual's separate lawsuit.

36.     Corizon Defendants deny the allegations in paragraph 36 of Plaintiff's Complaint.

37.     Corizon Defendants deny the allegations in paragraph 37 of Plaintiff's Complaint.

38.     With regard to the allegations in paragraph 38 of Plaintiff's Complaint, which refer to "members of a class" or "subclass," this Court denied Plaintiff's request for class certification and severed this action into five separate cases, each with a single Plaintiff. Therefore, no response to those allegations is required. To the extent a response is required, Defendants deny the allegations in paragraph 38 of Plaintiff's Complaint.

39.     With regard to paragraph 39 of Plaintiff's Complaint, Corizon Defendants admit they have provided appropriate treatment to Plaintiff.  Plaintiff is not a medical provider and therefore cannot opine about appropriate treatment.  The documents, positions or guidelines of the FDA, USPHS, Center for Disease Control and Federal Bureau of Prisons speak for themselves and do not, themselves, establish the applicable standard of care, which will be established by experts later in this litigation.  The remainder of the allegations in paragraph 39 are denied.

40.     Corizon Defendants deny the allegations in paragraph 40 of Plaintiff's Complaint.

41.     Corizon Defendants admit only that the number of inmates in Idaho prisons who have tested positive for HCV fluctuates at various times.  The Court has denied a class action and therefore information on other inmates who have tested positive for HCV is irrelevant.  The remainder of the allegations in paragraph 41 are denied.

42.     Plaintiff's "requests" for treatment should not require a response.  FDA approvals

speak for themselves.  The remainder of the allegations in paragraph 42 are denied.

43.     Corizon Defendants deny the allegations in paragraph 43 of Plaintiff's Complaint.

44.     Corizon Defendants deny the allegations in paragraph 44 of Plaintiff's Complaint.

45.     Corizon Defendants deny the allegations in paragraph 45 of Plaintiff's Complaint.

46.     Corizon Defendants deny the allegations in paragraph 46 of Plaintiff's Complaint.

47.     Corizon Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47 and 48 of Plaintiff's Complaint and, therefore, said allegations are denied on this basis at this time.

48.     Corizon Defendants deny the allegations in paragraph 49(b) of Plaintiff's Complaint.  Corizon Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 49(a) of Plaintiff's Compliant.

49.     Regarding paragraph 50 of Plaintiff's Complaint, Corizon Defendants admit that Plaintiffs Turney and Cortes have had appointments with John Migliori, MD at times and have discussed HCV treatment, which is reflected in the medical chart.  The remainder of the allegations are denied.

50.     Regarding paragraph 51 of Plaintiff's Complaint, Corizon Defendants admit that Dr. Migliori is the current medical director at ISCC and admit that he provides appropriate monitoring, care and/or treatment for Plaintiff's HCV and denies that his care constitutes deliberate indifference.  The applicable standard of care for treating HCV will be established by experts in this litigation and is not appropriate for admission or denial at this time.  The remainder of the allegations in paragraph 51 are denied.

51.     Corizon Defendants deny the allegations in paragraph 52 of Plaintiff's complaint.

## DEFENDANTS

52.     The allegations in paragraphs 53 through 65 are directed at other Defendants and therefore should not require a response from Corizon Defendants.  To the extent a response is required, Corizon Defendants admit they have provided appropriate monitoring, care and treatment of Plaintiff and deny any wronging, including but not limited to denying deliberate indifference.

53.     With regard to paragraph 66 of Plaintiff's Complaint, Corizon Defendants admit that Dr. Migliori and Dr. Young are physicians and that the medical records speak for themselves regarding treatment and care for Plaintiffs.  The remainder of the allegations are denied.

54.     With regard to paragraph 67 of Plaintiff's Complaint, Corizon Defendants admit that Corizon, LLC contracts with the Idaho Department of Correction to provide certain medical and mental health services to inmates in Idaho prisons.  Corizon Defendants further admit that Dr. Young was employed as the Corizon Regional Medical Director from about June 16, 2013 to July 23, 2016 and Dr. Migliori has been employed by Corizon since about April 2, 2015.  The medical records speak for themselves regarding the medical care and treatment provided to Plaintiffs.  The remainder of the allegations are denied.

55.     Corizon Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 68 of Plaintiff's Complaint and, therefore, said allegations are denied on this basis at this time.

56.     With regard to paragraph 69 of Plaintiff's Complaint, Corizon Defendants admit that Dr. April Dawson is a physician and that the medical records speak for themselves regarding treatment and care for Plaintiff.  The remainder of the allegations are denied.

57.     The allegations in paragraph 70 of Plaintiff's Complaint calls for a legal conclusion regarding the duties of Dr. Migliori, Dr. Young and Dr. Dawson and therefore are denied on that

basis.  Also, the applicable standard of care is for expert opinions that will disclosed at a later date in this litigation and therefore is denied on that basis as well.

58.     Corizon Defendants deny the allegations in paragraph 71 of Plaintiff's Complaint.

59.     Corizon Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations of unnamed defendants "John and Jane Does" in paragraph 72 of Plaintiff's Complaint and, therefore, said allegations are denied on this basis at this time.

60.     Corizon Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations of unnamed defendants "John and Jane Does" in paragraph 73 of Plaintiff's Complaint and, therefore, said allegations are denied on this basis at this time.

61.     With regarding to paragraph 74 of Plaintiff's Complaint, Corizon Defendants admit that Corizon, LLC is a private corporation that contracts with the Idaho Department of Correction to provide certain mental health and medical care to inmates in Idaho prisons.  Corizon, LLC's state of origin is Missouri, its headquarters is in Brentwood, Tennessee, and it does business in Idaho.  Corizon, LLC was previously named Corizon, Inc. and prior to that, Correctional Medical Services (CMS).  Corizon Health, Inc. is the parent company of Corizon, LLC.  The remainder of the allegations in paragraph 74 are denied.

62.     Corizon Defendants deny the allegations in paragraph 75 of Plaintiff's Complaint.

63.     With regarding to paragraph 76 of Plaintiff's Complaint, Corizon Defendants admit that the contract between Corizon and IDOC speaks for itself.  The remainder of the allegations are denied.

64.     Corizon Defendants deny the allegations in paragraph 77 through 79 of Plaintiff's Complaint.

# FACTS

65.     The allegations contained in paragraphs 80 through 100 of Plaintiff's Complaint are provided for purely background and informational purposes that are largely irrelevant to the claims and factual issues in this case and therefore do not require a response to the same. Additionally, medical information and standard of care for treatment of HCV must be established through experts and therefore is improper at this time.  Plaintiff is not a medical provider or expert and therefore cannot make such assertions and therefore said allegations should be stricken and are denied.  Positions, documents or guidelines by the CDC, FDA, FBOP, USPHS, V.A., and the U.S. Surgeon General speak for themselves and do not, themselves, establish the applicable standard of care in this case. The remainder of the allegations are denied.

66.     Corizon Defendants deny the allegations in paragraphs 101 to 103 of Plaintiff's Complaint.

67.     The U.S. Supreme Court case referenced in paragraph 104 speaks for itself and interpretation of the same is a legal statement for this Court to decide; it calls for a legal conclusion and therefore is denied on this basis. Notwithstanding, Corizon Defendants deny the allegations contained in paragraph 104 of Plaintiff's Complaint as phrased.

68.     The allegations contained in paragraphs 105 and 106 of Plaintiff's Complaint are legal statements for this Court to decide; it calls for a legal conclusion and therefore is denied on this basis. Notwithstanding, Corizon Defendants deny the allegations in paragraphs 105 and 106 as phrased.

69.     With regard to paragraph 107, Corizon Defendants admit that the Idaho Code and SOPs speak for themselves.  The remainder of the allegations are denied.

70.     The allegations contained in paragraph 108 of Plaintiff's Complaint are provided

for purely background and informational purposes that are largely irrelevant to the claims and factual issues in this case and therefore do not require a response to the same. Additionally, the Court has not allowed Plaintiff to proceed on allegations related to HIV/AIDS and has not allowed Plaintiff to proceed on behalf of a class. Therefore, the allegations are denied on these bases.

71. Corizon Defendants deny the allegations in paragraph 109 of Plaintiff's Complaint.

72. The allegations in paragraph 110 of Plaintiff's Complaint appear to be directed at other defendants and therefore does not require a response from these answering Defendants. Corizon Defendants admit that the SOPs speak for themselves. Corizon Defendants have lack of information and knowledge as to the remaining allegations.

73. The allegations in paragraph 111 of Plaintiff's Complaint appear to be directed at other defendants and therefore does not require a response from these answering Defendants. Corizon Defendants admit that the SOPs speak for themselves. Corizon Defendants have lack of information and knowledge as to the remaining allegations.

74. Corizon Defendants deny the allegations contained in paragraphs 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 124, 125, 126, and 127 of Plaintiff's Complaint.

75. The allegations in paragraphs 128, 129, 130, 131, 132, 133, and 134 of Plaintiff's Complaint are categorized as the "Class Allegations." This Court denied Plaintiff's request for class certification and severed this action into five separate cases, each with a single Plaintiff. Therefore, no response to those allegations is required. To the extent a response is required of Corizon Defendants, those allegations are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matter contained therein.

76. The allegations in paragraph 135 of Plaintiff's Complaint appear to be directed at persons other than the answering defendants and, therefore, should not require a response. To the

extent a response is required, Corizon Defendants deny the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matter contained therein.

77.     Corizon Defendants deny the allegations in paragraphs 136 of Plaintiff's Complaint as phrased.

78.     The allegations in paragraph 137 of Plaintiff's complaint appear to be directed at the "state of Idaho" and not at the answering defendants and, therefore, a response is not required. To the extent a response is required, Corizon Defendants deny the allegations contained in paragraph 137 of Plaintiff's Complaint as stated.

79.     The allegations in paragraph 138 of Plaintiff's Complaint appear to be directed at persons other than the answering defendants and, therefore, should not require a response.  To the extent a response is required, Corizon Defendants deny the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matter contained therein.

80.     The allegations in paragraph 139 of Plaintiff's Complaint appear to be directed at persons other than the answering defendants and, therefore, should not require a response.  To the extent a response is required, Corizon Defendants deny the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matter contained therein.

81.     With regard to the allegations in paragraph 140 of Plaintiff's Complaint, Corizon Defendants admit that they were aware Plaintiffs had labs showing they were positive for HCV and appropriately monitored, treated and/or cared for Plaintiffs as reflected in the medical records. The remainder of the allegations are denied.

82.     Corizon Defendants deny the allegations contained in paragraph 141 of Plaintiff's Complaint.

83.     The allegations in paragraph 142 assert conclusions of law for which the Court is

to resolve. Notwithstanding, Corizon Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142, and therefore deny them at this time pursuant to Rule 8(b) of the Federal Rules of Civil Procedure.

84.     Corizon Defendants deny the allegations contained in paragraphs 143 and 144 of Plaintiff's Complaint.

## CLAIMS

### CLAIM I:
### TITLE II OF THE ADA
### AGAINST IDAHO DEPARTMENT OF CORRECTION

85.     With regard to paragraphs 145 and 146 of Plaintiff's Complaint, these allegations have been dismissed by the Court and therefore no response is required.

### CLAIM II:
### § 504 OF THE REHABILITATION ACT OF 1973
### AGAINST IDAHO DEPARTMENT OF CORRECTION

86.     With regard to the allegations contained in paragraph 147 of Plaintiff's Complaint, Corizon Defendants incorporate each of the responses, denials, and admissions as set forth above herein.

87.     With regard to paragraph 148 of Plaintiff's Complaint, these allegations have been dismissed by the Court and therefore no response is required.

### CLAIM III:
### § 504 OF THE REHABILITATION ACT
### AGAINST CORIZON, INC.

88.     With regard to the allegations contained in paragraph 149 of Plaintiff's Complaint, Corizon Defendants incorporate each of the responses, denials, and admissions as set forth above herein.

89.     With regard to paragraph 150 of Plaintiff's Complaint, these allegations have been

dismissed by the Court and therefore no response is required.

## CLAIM IV:
## DEPRIVATION OF U.S. CONST. AMEND. VIII AND XIV
## RIGHT TO BE FREE FROM INFLICTION OF CRUEL AND UNUSUAL
## PUNISHMENT, FOR WHICH 42 U.S.C. § 1983 PROVIDES REMEDIES

90.     With regard to the allegations contained in paragraph 151 of Plaintiff's Complaint, Corizon Defendants incorporate each of the responses, denials, and admissions as set forth above herein.

91.     Corizon Defendants deny the allegations contained in paragraph 152 of Plaintiff's Complaint.  Standard of care and appropriate treatment will be established with experts at a later date in this litigation.  Any cases cited speak for themselves and Corizon Defendants deny any statements by Plaintiffs that are contrary to the actual facts, analysis and holdings in the case.

## CLAIM V:
## DEPRIVATION OF U.S. CONS. AMEND. VIII AND XIV
## RIGHT TO BE FREE FROM INFLICTION OF CRUEL AND UNUSUAL
## PUNISHMENT, FOR WHICH 42 U.S.C. § 1983 PROVIDES REMEDIES

92.     With regard to the allegations contained in paragraph 153 of Plaintiff's Complaint, Corizon Defendants incorporate each of the responses, denials, and admissions as set forth above herein.

93.     With regard to the allegations contained in paragraph 154 of Plaintiff's Complaint, Corizon Defendants deny the allegations against them as stated. As to the remaining allegations, the same are vague and ambiguous and as such, Corizon Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 154, and therefore deny them at this time.

94.     Corizon Defendants deny the allegations contained in paragraph 155 of Plaintiff's Complaint.

**CLAIM VI:**
**DEPRIVATION OF IDAHO STATE CONST. ART. I §§ 1, AND 6**
**RIGHT TO BE FREE FROM INFLICTION OF CRUEL AND UNUSUAL**
**PUNISHMENT, FOR WHICH IDAHO CONST. ART. I, §§ 13, 18;**
**ART. X §§ 1 AND 5, PROVIDES LEGAL REMEDIES**

95.      Corizon Defendants deny the allegations contained in paragraph 156 of Plaintiff's Complaint.

96.      With regard to the allegations contained in paragraph 157 of Plaintiff's Complaint, Corizon Defendants incorporate each of the responses, denials, and admissions as set forth above herein.

97.      Corizon Defendants deny the allegations contained in paragraphs 158 and 159 of Plaintiff's Complaint.

**CLAIM VII:**
**DEPRIVATION OF THE CLEARLY ESTABLISHED U.S. CONST.**
**AMEND. VIII AND XIV RIGHT TO BE FREE FROM CRUEL AND UNUSUAL**
**PUNISHMENT BY PRIVATE SUB-CONTRACTORS UNDER <u>FARMER v. BRENNAN</u>,**
**511 U.S. 825 (1994), <u>ERICKSON v. PARDUS</u>, 551 U.S. 89 (2007), &**
**<u>KAHLE v. LEONARD</u>, 477 F.3d 544 (8th Cir. 2007)**

98.      With regard to the allegations contained in paragraph 160 of Plaintiff's Complaint, Corizon Defendants incorporate each of the responses, denials, and admissions as set forth above herein.

99.      Corizon Defendants deny the allegations contained in paragraphs 161, 162, 163 and 164 of Plaintiff's Complaint as stated.

**CLAIM VIII:**
**DEPRIVATION OF EIGHTH AMENDMENT**
**RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT**

100.     With regard to the allegations contained in paragraph 165 of Plaintiff's Complaint, Corizon Defendants incorporate each of the responses, denials, and admissions as set forth above herein.

101.    The allegations contained in paragraphs 166, 167, and 168 of Plaintiff's Complaint are asserted on behalf of "plaintiffs" who are not a party to this case and therefore no response is required. To the extent a response is required of Corizon Defendants, those allegations are denied.

102.    Corizon Defendants deny the allegations contained in paragraph 169 of Plaintiff's Complaint.

## CLAIM IX:
## DENIAL OF EQUAL PROTECTION OF THE LAW UNDER
## U.S. CONST. AMEND. V AND XIV, THROUGH 42 U.S.C. § 1983

103.    With regard to the allegations contained in paragraph 170 of Plaintiff's Complaint, Corizon Defendants incorporate each of the responses, denials, and admissions as set forth above herein.

104.    With regard to paragraphs 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, and 182 of Plaintiff's Complaint, these allegations have been dismissed by the Court and therefore no response is required.

## CLAIM X:
## DENIAL OF EQUAL PROTECTION OF THE LAW UNDER
## U.S. CONST. AMEND. V AND XIV, THROUGH 42 U.S.C. § 1983

105.    With regard to the allegations contained in paragraph 183 of Plaintiff's Complaint, Corizon Defendants incorporate each of the responses, denials, and admissions as set forth above herein.

106.    With regard to paragraphs 184, 185, 186, 187, and 188 of Plaintiff's Complaint, these allegations have been dismissed by the Court and therefore no response is required.

## CLAIM XI
## DENIAL OF EQUAL PROTECTION OF THE LAW AND CRUEL AND
## UNUSUAL PUNISHMENT IN DELIBERATE INDIFFERENCE TO THE SERIOUS
## MEDICAL NEEDS OF PLAINTIFFS IN VIOLATION OF U.S. CONST.
## AMEND V, VIII, AND XIV, PROTECTED THROUGH 42 U.S.C. § 1983

107.    With regard to the allegations contained in paragraph 189 of Plaintiff's Complaint,

Corizon Defendants incorporate each of the responses, denials, and admissions as set forth above

herein.

108.    With regard to paragraphs 190, 191, 192, 193, 194, and 195 of Plaintiff's Complaint

and as they relate to Plaintiff's claims for denial of equal protection in violation of the Fifth and

Fourteenth Amendments to the United States Constitution, these allegations have been dismissed

by the Court and therefore no response is required. Corizon Defendants deny those allegations as

they relate to the Plaintiff's claims for cruel and unusual punishment in violation of the Eighth

Amendment to the United States Constitution.

## CLAIM XII:
## TITLE II OF THE ADA AS AMENDED
## AGAINST IDAHO DEPARTMENT OF CORRECTION

109.    With regard to the allegations contained in paragraph 196 of Plaintiff's Complaint,

Corizon Defendants incorporate each of the responses, denials, and admissions as set forth above

herein.

110.    With regard to paragraphs 197 and 198 of Plaintiff's Complaint, these allegations

have been dismissed by the Court and therefore no response is required.

## CLAIM XIII:
## § 504 OF THE REHABILITATION ACT OF 1973
## AGAINST IDAHO DEPARTMENT OF CORRECTION AND CORIZON,
## JOINTLY AND SEVERALLY

111.    With regard to the allegations contained in paragraph 199 of Plaintiff's Complaint,

Corizon Defendants incorporate each of the responses, denials, and admissions as set forth above

herein.

112.    With regard to paragraph 200 of Plaintiff's Complaint, these allegations have been

dismissed by the Court and therefore no response is required.

### CLAIM XIV:
### U.S. CONSTITUTION AMEND. VIII AND XIV

113.    With regard to the allegations contained in paragraph 201 of Plaintiff's Complaint,

Corizon Defendants incorporate each of the responses, denials, and admissions as set forth above

herein.

114.    Corizon Defendants deny the allegations contained in paragraphs 202, 203, and 204

of Plaintiff's Complaint.

### CLAIM XV
### § 504 OF THE REHABILITATION ACT OF 1973
### AGAINST IDAHO DEPARTMENT OF CORRECTION AND CORIZON, INC.,
### JOINTLY AND SEVERALLY

115.    With regard to the allegations contained in paragraph 205 of Plaintiff's Complaint,

Corizon Defendants incorporate each of the responses, denials, and admissions as set forth above

herein.

116.    With regard to paragraphs 206 and 207 of Plaintiff's Complaint, these allegations

have been dismissed by the Court and therefore no response is required.

### CLAIM XVI:
### TITLE II OF THE ADA
### v IDAHO DEPARTMENT OF CORRECTION

117.    With regard to the allegations contained in paragraph 208 of Plaintiff's Complaint,

Corizon Defendants incorporate each of the responses, denials, and admissions as set forth above

herein.

118.    The allegations in paragraph 209 through 210 of Plaintiff's Complaint appear to be

directed at persons other than the answering defendants and, therefore, should not require a response.  To the extent a response is required, Corizon Defendants deny the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matter contained therein.

## RELIEF DEMANDED

Plaintiff's relief requested should not require a response.  To the extent a response is required, Corizon Defendants deny that Plaintiffs are entitled to any of the relief they request.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against the Corizon Defendants because the Plaintiff's Complaint fails to state a claim against Corizon Defendants upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against Corizon Defendants because the Corizon Defendants at all times acted in a reasonable and prudent fashion, satisfying any duty, if any, which they owed under the rules, regulations, statutes, ordinances, customs, policies, and usages of the laws and the applicable standard of care of the State of Idaho and the United States, and no act or omission of the Corizon Defendants proximately caused Plaintiff's damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against Corizon Defendants because the actions of the Corizon Defendants have at all times been in reliance on the policies and procedures of the Idaho Department of Corrections, and these policies and procedures are rationally related to legitimate penological objectives.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against Corizon Defendants because Plaintiff has failed to state a claim for relief under the cruel and unusual punishment clause of the Eighth Amendment of United States Constitution and has not alleged facts which demonstrate that the Corizon Defendants acted with deliberate indifference to Plaintiff's medical needs.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action because Plaintiff's alleged damages, if any, were proximately caused by his own actions and/or the actions of third persons or another party to this action.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action because Plaintiff's alleged damages, if any, were caused in whole or in part by a preexisting condition, or the progression thereof, and not by the negligence, deliberate indifference, or fault of the Corizon Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against the Corizon Defendants because the allegations contained in Plaintiff's Complaint do not rise to the level of deprivation of rights which are protected by the United States Constitution or other federal law or any other legal provision referred to in Plaintiff's Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against Corizon Defendants because the Corizon Defendants are immune from liability or damages, if any, pursuant to state and federal law and/or court rulings.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against the Corizon Defendants because Plaintiff's alleged damages, if any, were proximately caused, in whole or in part, by the superseding, intervening acts and/or omissions of the Plaintiff and/or other entities and/or persons not parties to this action, and/or other parties to this action.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action against the Corizon Defendants by reason of Plaintiff's failure to exhaust his administrative remedies.

## ELEVENTH AFFIRMATIVE DEFENSE

Corizon Defendants are not liable for any injury caused by the acts or omissions of any individuals under the doctrine of *respondeat superior*.

## TWELFTH AFFIRMATIVE DEFENSE

The acts or omissions complained of by Plaintiff did not arise as a result of, nor was there, any agreement, understanding, policy or procedure which deprived Plaintiff of any of Plaintiff's civil rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims against the Corizon Defendants are barred by Idaho Code § 5-219(4) and/or other applicable statutes of limitations and also the statute(s) of repose.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

Corizon Defendants deny any wrongdoing, but in the alternative, assert that the facts regarding the medical care Plaintiff received as alleged by Plaintiff would, at most, assert a claim

of negligence which is insufficient to give rise to a constitutional claim under 42 U.S.C. § 1983.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no physical injury and may not recover for any emotional injuries pursuant 42. U.S.C. § 12997e(e) and other applicable federal and state law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited or barred by Idaho Code §§ 6-1603 and 6-1606.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action for declaratory and injunctive relief are not ripe.

## NINETEENTH AFFIRMATIVE DEFENSE

The allegations contained in the Complaint regarding Corizon Defendants' alleged action or inaction do not show or allege sufficient likelihood of future injury or irreparable harm for declaratory and/or injunctive relief.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's request for injunctive relief is based upon mere speculation and there is insufficient evidence that any future event complained of will or will not occur.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's request for injunctive relief does not show or sufficiently allege the existence of immediate or irreparable injury.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's request for injunctive relief does not show or sufficiently allege the existence of a reasonable likelihood of success.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages violate the Constitution of the United States and

the Constitution of the State of Idaho. Should it be subsequently determined that Plaintiff is entitled to seek punitive damages against Corizon Defendants at trial, Corizon Defendants demand a bifurcated trial.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Corizon Defendants did not violate the United States Constitution, 42 U.S.C. § 1983, or any other statutory right or privilege.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

At no time did Corizon Defendants demonstrate any indifference, deliberate or otherwise, toward any serious medical need of the Plaintiff, nor did Corizon Defendants fail to provide necessary medical care.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Corizon Defendants at all times acted in accordance with the applicable standard of care prevailing in the community at the time of the alleged occurrence.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's purported cause of action fails to allege facts that support class certification or the pursuit of relief on behalf of any purported "class" of Plaintiff or as a class action and said Complaint should be dismissed and/or class certification should be denied.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Corizon Defendants state that this action cannot be maintained as a class action because (1) common issues of law or fact do not predominate; (2) Corizon Defendants have not acted or refused to act on grounds generally applicable to the putative class; (3) the prosecution of separate actions does not risk inconsistent adjudications that would establish incompatible standards of conduct for defendants, nor risk adjudications with respect to individual class members that would

be dispositive of the interests of other members; (4) the putative class is not so numerous that joinder of class members is impracticable; (5) there are not questions of law or fact common to the class; (6) the claims of the class representatives are not typical of the putative class; and (7) the class representatives will not fairly and adequately protect the interests of the class.

## RESERVATION OF RIGHTS

Discovery has not yet commenced in this matter, the result of which may reveal additional defenses to Corizon Defendants.  Corizon Defendants reserve the right to amend this Answer if appropriate.

## REQUEST FOR ATTORNEY FEES

In order to defend this action, Corizon Defendants have been required to retain the services of Parsons, Behle & Latimer, and are entitled to recover all attorney fees and costs incurred and related in any way or leading up to this lawsuit, pursuant to 42 U.S. § 1988, the Federal Rules of Civil Procedure, Idaho Rules of Civil Procedure, and all other applicable laws, rules and regulations.

## DEMAND FOR JURY TRIAL

Corizon Defendants hereby demand a trial by jury on all issues so triable, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and other applicable rules and laws.

## PRAYER FOR RELIEF

WHEREFORE, Corizon Defendants pray for judgment as follows:

1.      That the Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

2.      For judgment against the Plaintiff for Corizon Defendants' costs and attorney fees incurred in the defense of this matter; and

3.     For such other and further relief as this Court may deem just and proper under the circumstances.

DATED this 11th day of May, 2018.

PARSONS BEHLE & LATIMER

By: */s/ Dylan A. Eaton*
        Dylan A. Eaton
        Counsel for Defendants Corizon, Inc.,
        John G. Migliori, Murray F. Young, and
        April C. Dawson

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 11th day of May, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Brady J. Hall
MOORE ELIA KRAFT & HALL, LLP
brady@melawfirm.net
*(Counsel for Henry Atencio and Rona Siegert)*

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

| | |
|---|---|
| Philip A. Turney (#24289) | ☒ U.S. Mail, Postage Prepaid |
| ISCC, D-1, 28 A | ☐ Hand Delivered |
| P.O. Box 70010 | ☐ Overnight Mail |
| Boise, ID  83707 | ☐ Telecopy |
| *(Pro Se)* | ☐ Email |

By: */s/ Dylan A. Eaton*
Dylan A. Eaton

DEFENDANTS CORIZON, INC., JOHN G. MIGLIORI, MURRAY F. YOUNG, AND APRIL C. DAWSON'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL - 28
4822-7241-9173v1