UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

PHILIP A. TURNEY, et al.,

Plaintiffs,

v.

HENRY ATENCIO, et al.,

Defendants.

Case No. 1:18-cv-00001-BLW
1:18-cv-00097-BLW
1:18-cv-00099-BLW
1:18-cv-00100-BLW

**ORDER REQUIRING CLARIFICATION**

The parties have filed a Stipulation of Dismissal, a proposed "Notice of Class Certification," and their Settlement Agreement. (Dkt. 127.) They request that the Court preliminarily approve their joint settlement proposal and certify a class action for purposes of settlement only. The trial court has broad discretion whether to certify a case as a class action. *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975). Having reviewed the parties' filings, the Court enters the following Order requiring clarification from the parties prior to limited certification of the class.

**BACKGROUND**

Plaintiffs are a group of Idaho Department of Correction (IDOC) inmates who presently suffer from or in the past suffered from Hepatitis C virus (HCV) and complain that they did not receive adequate treatment for that condition from the private contracted

medical provider to IDOC, Corizon, Inc. ("Corizon," now Corizon, LLC) and Corizon officials, in violation of the inmates' federal constitutional right to adequate medical care. IDOC, Corizon, and their officials continue to deny Plaintiffs' allegations and contend their provision of medical care is, and has been, adequate and appropriate.

Plaintiffs sought class action status at the beginning of this lawsuit, but, instead of certifying a class at that time, the Court directed that this case proceed on an alternative dispute resolution pathway. With the aid of private mediator Newel K. Squyres, Esq., and without admission of liability, the parties have reached an amicable resolution of their dispute in this action, after engaging in alternative dispute resolution proceedings between July 18, 2019, and September 1, 2020. Plaintiff's operative pleading, the Second Amended Complaint with Supplement, seeks declaratory, injunctive, and monetary relief. (Dkt. 111.)

The class representatives now seek the Court's preliminary approval of the Settlement Agreement and request class action status for the purpose of this settlement agreement only. They request that the Court put in motion adequate procedural mechanisms to give the potential class members notice and an opportunity to respond, and set a hearing to review adequacy of the settlement agreement and the proposed stipulated dismissal of this action.

After reviewing the parties' submissions, the Court has determined that it is in need of additional information. It appears that the parties' Settlement Agreement is intended to address declaratory and injunctive relief claims, but it is unclear what is to happen to the outstanding claims for monetary damages. The Stipulation for Dismissal

provided by the parties states: “The Parties agree that any and all of Plaintiffs’ claims for damages relief in this case, including but not limited to general, special and punitive damages, against any and all Corizon Defendants and IDOC Defendants are dismissed with prejudice, each party to bear their own costs and fees related to these claims.” (Dkt. 126, p. 3.) Settlement Agreement § 3.11 harmonizes with the Stipulation for Dismissal: “Plaintiffs acknowledge that this Agreement shall resolve each and every issue and claim raised by them in this Action against any and all of the IDOC Defendants.” (Dkt. 237-2, p. 15.) But, another statement in § 3.11 seems inconsistent: “This agreement does not apply to Plaintiffs’ claims for monetary damages against Corizon Defendants stated in the Operative Complaint[,] and any dismissal of those claims must be set forth in a separate agreement.” (*Id.*)

Elsewhere in the agreement, Defendants state that they have stipulated to class action status only for purposes of settlement and dismissal of the declaratory and injunctive relief claims, and that Defendants do not stipulate to class certification for purposes of Plaintiffs’ damages claims. Settlement Agreement § 2.4. Counsel for the parties shall be required to submit a clarification regarding whether some or all of Plaintiffs’ damages claims against some or all of the Defendants are to remain open and viable after the injunctive and declaratory relief claims have been settled, and to submit amended supporting documents to correct the inconsistencies, if necessary.

As to the subject matter of the Settlement Agreement, the Court agrees that settlement of the disputed issue of a clear protocol for delivering HCV diagnostic care and treatment for all IDOC inmates, present and future, is an important, singular, and

severable issue from individual inmate claims for damages. If three years of negotiations has produced only a fair, reasonable, and adequate proposal for declaratory and injunctive relief, then that work product is worthy of preservation and implementation on behalf of all inmates.

If any of Plaintiffs' damages claims are intended by the parties to remain viable after the Settlement Agreement, it is the Court's inclination to permit individual inmates in individual severed actions to pursue individual claims that relate back to the earliest date of their asserted claims in this action to the extent that the inmate has allegations showing they sought and were denied appropriate HCV treatment in the past, and they were injured by the denial. In general, individual actions, not a class action, are a more suitable avenue for inmates to pursue their claims that lack of HCV treatment caused individual measurable and compensable harm. *Compare Allison v. Citgo Petroleum Corp*., 151 F.3d 402, 419 (5th Cir. 1998)("The plaintiffs' claims for compensatory and punitive damages … focus almost entirely on facts and issues specific to individuals rather than the class as a whole: what kind of discrimination was each plaintiff subjected to; how did it affect each plaintiff emotionally and physically, at work and at home; what medical treatment did each plaintiff receive and at what expense; and so on and so on. Under such circumstances, an action conducted nominally as a class action would 'degenerate in practice into multiple lawsuits separately tried.'" (internal citations omitted)). However, before making a final decision on the issue, the Court will invite further input from counsel.

The parties must clarify their intent regarding whether the individual damages claims are to be dismissed or remain for the individuals to pursue. The parties should clarify whether the individual Plaintiffs should be entitled to seek and use any disclosure and discovery from this case—but not the fact of settlement or the terms of the settlement—in their ongoing individual damages cases. If Plaintiffs' counsel knows the approximate number of plaintiffs who intend to pursue monetary damages, that would be helpful for the Court to know.

This Court does not see the potential for a Seventh Amendment issue here that sometimes arises when a prior injunctive relief settlement forecloses a plaintiff's ability to have a jury decide an issue of fact in a later damages case—because the parties here have not stipulated to liability or even to standards of law in their Settlement Agreement. *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510–11 (1959)( holding that, once the right to a jury trial attaches to a claim, it extends to all factual issues necessary to resolving that claim.); *Roscello v. Southwest Airlines Co*., 726 F.2d 217, 221 (5th Cir.1984)(citing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479(1962)(recognizing that, when claims involving both legal and equitable rights are properly joined in a single case, the Seventh Amendment requires that all factual issues common to these claims be submitted to a jury for decision on the legal claims before final court determination of the equitable claims)).

Concerns for inconsistent verdicts or for res judicata and collateral estoppel effects on ongoing damages suits also seem attenuated because of the no-admission-of-liability terms of the Settlement Agreement, but the parties should comment on their views of

application of these principles. *See, e.g., Daskalea v. Washington Humane Soc*., 275 F.R.D. 346, 365–366 (D.D.C. 2011)("Because this Court has already held that Plaintiffs' claims for declaratory and injunctive relief have been rendered moot by virtue of the 2008 Amendment to the Act, the claims that remain in this action are fundamentally retrospective, directed towards compensating class members for harms they allegedly suffered in the past. In other words, in light of superseding amendments to the Act, this action no longer involves delineating Defendants' responsibilities to class members—or non-parties similarly situated to class members—in the future. No truly shared or collective right remains at issue. As it now stands, this is a case about securing monetary relief for class members based on individualized past harms. Separate actions and determinations will not create the danger of conflicting and incompatible court orders governing Defendants' conduct. Accordingly, certification under subdivision (b)(1)(A) is inappropriate.")(citations altered).

The Court is inclined to certify the class for purposes of settlement of the declaratory and injunctive relief claims only, and to permit those claims to be dismissed with prejudice on the terms set forth in the Settlement Agreement, to the extent that the hearing does not produce evidence showing that the terms are not fair, reasonable, and adequate, taking into consideration whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other. *See* Fed.R.Civ.P. 23(e)(2).

The Court finds no precedent or Rule constraining its authority to permit the declaratory and injunctive relief claims proceed via a class action settlement route, and any remaining damages claims to proceed individually in new lawsuits to be severed from this suit, with each named Plaintiff able to take advantage of the first date his claim was asserted in this action. If the parties read the law to limit the Court's options differently, they should provide authority to support their opinions. The Court not only has broad discretion in class action matters it also has the duty to uphold negotiated settlement agreements of the parties, where the terms are appropriate:

> The court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned. Therefore, the settlement or fairness hearing is not to be turned into a trial or rehearsal for trial on the merits. Neither the trial court nor this court is to reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators.
>
> Ultimately, the district court's determination is nothing more than "an amalgam of delicate balancing, gross approximations and rough justice." Finally, it must not be

> overlooked that voluntary conciliation and settlement are the preferred means of dispute resolution. This is especially true in complex class action litigation….

*Officers for Justice v. Civ. Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)(internal citations omitted).

The parties are also invited to comment on the Court's intent to include in the "Notice of Proposed Settlement and Fairness Hearing in Class Action Lawsuit" clarifications that named members of the lawsuit who have claims for monetary damages will be permitted to preserve their filing dates for statute of limitation purposes and pursue those claims individually, and that unnamed members of the lawsuit who have past, current, or future claims for monetary damages will not be foreclosed from filing their own individual lawsuits for monetary damages for failure to provide treatment for HCV. The language that "This lawsuit does not seek monetary damages, and Class members are not entitled to monetary damages in this case," will need to be amended appropriately. (*See* Dkt. 127-3, p. 3 (emphasis in original).) Again, to the extent that the Court's intentions are not in line with the parties' intentions and settlement terms, they are invited to clarify them in amended supporting documents. The Court also intends to supplement the "Notice" with a statement that the hearing and objections are limited to consideration of those factors set forth in Fed.R.Civ.P. 23(e)(2) and that any written objections should address those factors in particular.

## ORDER

**IT IS ORDERED:**

1. The parties shall submit clarifying responses, and amended documents, if needed, within **14** days after entry of this Order.
2. Plaintiffs' Counsel's Motion to Withdraw as Attorney for Plaintiff Joseph Williams (Dkt. 125) is GRANTED, provided that Plaintiff's Counsel sends a copy of this Order to Joseph Williams at his last known address and files proof of such mailing to the Clerk of Court.
3. Mr. Williams, if still incarcerated, will be entitled to file an objection to the notice of class settlement. Whether incarcerated or not, should Mr. Williams desire to represent himself as to damages claims in this action, he must file a notice of appearance, pro se or through a new attorney, within 14 days after the date counsel sends notice to him.
4. The parties' Joint Motion for Preliminary Approval of Class Action Settlement (Dkt. 127) is conditionally GRANTED, subject to receipt of the parties' clarifications and a subsequent Order. The Court intends to set the Fairness Hearing in this action in May 2022. Counsel for the parties shall inform the Court as to their availability during that month and submit an estimate of the total time that will be needed for the hearing, from one-half day to multiple days.

DATED: January 6, 2022

B. Lynn Winmill
U.S. District Court Judge