Richard A. Hearn (ISB No. 5574)
John B. Ingelstrom (ISB No. 2659)
HEARN LAW, PLC
P.O. Box 70
151 N. 3RD Avenue, Suite 100
Pocatello, Idaho 83204
Telephone: (208) 904-0004
Facsimile: (208) 904-1816
Email: hearn@hearnlawyers.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REUBEN J. CORTES, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>JOSH TEWALT, et al.,<br><br>    Defendants. | Case No.:  1:18-cv-0001-BLW<br><br>**NOTICE OF FILING STIPULATION AND AGREED ORDER REGARDING LIMITED MODIFICATION OF THE AUTOMATIC STAY** |

COMES NOW REUBEN CORTES, as class representative, and undersigned class

counsel, and hereby give notice of filing in the Court's records in this case a STIPULATION

AND AGREED ORDER REGARDING LIMITED MODIFICATION OF THE AUTOMATIC

STAY entered by the United States Bankruptcy Court for the Southern District of Texas,

Houston Division, in the matter entitled In re: Tehum Care Services, Inc., Case No. 23-90086

(CML) as Docket No. 715. A true and correct copy of said Stipulation and Agreed Order is

attached hereto as Exhibit A.

As acknowledged in the attached Stipulation, prior to Tehum's bankruptcy filing, Tehum

(then acting as Corizon, LLC) and the other parties in the instant case executed the Amended

Private Settlement Agreement and Release resolving the claims in this prisoner class action lawsuit and jointly moved for and filed memoranda in support of this Court's final approval of such Settlement Agreement. There was nothing more the parties could do and were simply awaiting this Court's decision to grant or deny final approval when the automatic stay went into effect.

By reason of the Bankruptcy Court's Order, this Court is now free to consider and approve or deny the Amended Settlement Agreement. In the event this Court gives final approval, the Bankruptcy Court's Order also allows class counsel to petition this Court for fair and reasonable attorney fees and costs. The source of class counsel's entitlement to receive fair and reasonable attorney fees and costs from the common fund is entirely contractual and is expressly not based on prevailing party status (See Paragraph 3.15 of the Amended Settlement Agreement). Specifically, Paragraph 3.8 of the Amended Settlement Agreement provides the source of class counsel's authority to recover attorney fees and costs from the common fund described in that provision. As such, class counsel's rights are subject to the Agreement becoming "effective," defined in the agreement as the date upon which this Court gives final approval (See Paragraph 1.13). Accordingly, if final approval is given, class counsel will file their fees and costs petition shortly thereafter. After that determination by this court, class counsel intends to file the appropriate pleading to dismiss this action in accordance with the provisions of Paragraph 3.11of the Agreement.

Finally, with respect to the representation of Corizon, LLC, first it must be noted that since Corizon and its successors are no longer the contracted health care providers for IDOC, its only continuing obligation under the agreement is for the partial payment of fees and costs in the exact amount of $127,421.22. As addressed in the Bankruptcy Court's Order, class counsel can

enforce that obligation only by asserting a general unsecured claim of $127,421.22. through a proof of claim in the Chapter 11 case. That proof of claim has already been filed in the Bankruptcy Court.

Second, class counsel has recently conferred with Corizon's last attorney herein, Mr. Carsten A. Peterson. Attached hereto as Exhibit B is a true and correct copy of the email string documenting these discussions between counsel. Consistent with these statements, class counsel agrees that the settlement can proceed without Corizon representation in this matter, and respectfully requests this Court to do so.

DATED this 2nd day of NOVEMBER, 2023.

/s/Richard A. Hearn
RICHARD A. HEARN
HEARN LAW, PLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___2nd___ day of NOVEMBER 2023, I filed the foregoing electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

STEVEN KRAFT
Moore, Elia, Kraft & Hall, LLP
P.O. Box 6756
Boise, ID 83702


CARSTEN A. PETERSON
Hawley Troxell
877 Main St., Suite 1000
Boise ID 83702
cpeterson@hawleytroxell.com


/s/Richard A. Hearn
RICHARD A. HEARN
HEARN LAW, PLC

# EXHIBIT A

United States Bankruptcy Court
Southern District of Texas

**ENTERED**
October 02, 2023
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| TEHUM CARE SERVICES, INC.,[1] | ) | Case No. 23-90086 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) | **Re: Docket No. 715** |

### STIPULATION AND AGREED ORDER REGARDING
### LIMITED MODIFICATION OF THE AUTOMATIC STAY

Tehum Care Services, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), and Reuben Cortes, as class representative for a class of inmates within the physical custody of the Idaho Department of Corrections (collectively, the "Class"), hereby enter into this Stipulation and Agreed Order as follows:

WHEREAS, on February 13, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, prior to the Petition Date, Debtor (as Corizon, LLC), certain other defendants, and the Class executed an Amended Private Settlement Agreement and Release (the "Amended Settlement Agreement") resolving injunctive relief claims in the prisoner class action lawsuit pending in the U.S. District Court for the District of Idaho (the "Idaho District Court"), captioned *Reuben Cortes, et al. v. Josh Tewalt, et al.*, Case No. 1:18-cv-00001-BLW (the "Idaho Case");

WHEREAS, the Amended Settlement Agreement provides, among other things, that the Debtor shall pay only a specified portion of Class counsel's fair and reasonable attorney fees and costs in the exact amount of $127,421.22, with the rest and remainder of Class counsel's fair and

---

[1] The last four digits of the Debtor's federal tax identification number is 8853. The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

reasonable attorney fees and costs to be determined by the Idaho District Court and payable out of non-Debtor property as part of the injunctive relief;

WHEREAS, prior to the Petition Date, all parties to the Amended Settlement Agreement jointly moved for and filed a joint memorandum in support of final approval of such agreement;

WHEREAS, by reason of the automatic stay, the Idaho District Court is unable to consider the Amended Settlement Agreement; and

WHEREAS, the Debtor and the Class have agreed to a modification of the automatic stay to allow (a) the Idaho District Court to consider the Amended Settlement Agreement; (b) Class counsel to petition and the Idaho District Court to determine the fair and reasonable amount of Class counsel's attorney fees and costs; and (c) counsel to file a stipulation for dismissal of the Idaho Case and the Idaho District Court to enter a dismissal thereon.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED AS FOLLOWS:**

1. The automatic stay imposed by section 362 of the Bankruptcy Code is modified to allow:

      a.   the Idaho District Court to consider and approve or deny the Amended Settlement Agreement in the Idaho Case;

      b.   Class counsel to petition for, and the Idaho District Court to determine, the fair and reasonable amount of Class counsel's attorney fees and costs; *provided, however,* that no amount above $127,421.22 may be asserted against the Debtor or its estate; and

      c.   counsel to file a stipulation for dismissal of the Idaho Case and the Idaho District Court to enter a dismissal thereon.

2. Except as provided in the preceding paragraph, the Idaho Case and any further litigation by the Class against the Debtor related to the Debtor's obligations under the Amended Settlement Agreement are stayed pursuant to section 11 U.S.C. § 362. Any attempt to enforce the

2

Debtor's obligations under the Amended Settlement Agreement, if any, is subject to the automatic stay; *provided, however*, that the Class or Class counsel (Hearn Law PLC) may assert a general unsecured claim of $127,421.22 through one proof of claim in this chapter 11 case.

3.      Nothing in this Stipulation and Agreed Order shall alter, modify, or otherwise affect or prejudice the rights of the Idaho Department of Correction and all other related parties in the Idaho Case.

4.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation and Agreed Order.

Signed:  October 02, 2023

Christopher Lopez
United States Bankruptcy Judge

**RACINE OLSON, PLLP**

By: */s/ Daniel C. Green (w/ permission)*
    Daniel C. Green (admitted *pro hac vice*)
201 E. Center Street
Pocatello, Idaho 83204
Telephone:     (208) 232-6101
Email:          dan@racineolson.com

*Counsel to Class of Idaho Department of*
*Corrections Inmates*

**GRAY REED**

By: */s/ Jason S. Brookner*
    Jason S. Brookner
    Texas Bar No. 24033684
    Aaron M. Kaufman
    Texas Bar No. 24060067
    Lydia R. Webb
    Texas Bar No. 24083758
    Amber M. Carson
    Texas Bar No. 24075610
1300 Post Oak Boulevard, Suite 2000
Houston, Texas 77056
Telephone:     (713) 986-7127
Facsimile:     (713) 986-5966
Email:          jbrookner@grayreed.com
                akaufman@grayreed.com
                lwebb@grayreed.com
                acarson@grayreed.com

*Counsel to the Debtor*
*and Debtor in Possession*

3

# EXHIBIT B

## John Ingelstrom

| | |
|---|---|
| **From:** | Carsten Peterson <CPeterson@hawleytroxell.com> |
| **Sent:** | Monday, October 30, 2023 4:54 PM |
| **To:** | John Ingelstrom |
| **Subject:** | RE: Cortes (Turney) v. Tewalt [IWOV-IMANAGE.FID1913561] |

John,

I just sent an email about this to everyone. I was not involved long enough in this case to really get handle on it so I just passed on information from bankruptcy counsel. Happy to discuss further if you would like. Hopefully the Court will just sign off on the settlement.

Thanks,



**CARSTEN A. PETERSON**
Partner

**P:** 208.388.4894
**F:** 208.954.5206
**E:** cpeterson@hawleytroxell.com

hawleytroxell.com

 in f

**LexMundi** Bringing the best together™

This e-mail message from the law firm of Hawley Troxell Ennis & Hawley, LLP is intended only for named recipients. It contains information that may be confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law. If you have received this message in error, are not a named recipient, or are not the employee or agent responsible for delivering this message to a named recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited.Please notify us immediately at 208.344.6000 if you have received this message in error, and delete the message.

**From:** John Ingelstrom <jbi@hearnlawyers.com>
**Sent:** Thursday, October 26, 2023 11:09 AM
**To:** Carsten Peterson <CPeterson@hawleytroxell.com>; Steve Kraft <steve@melawfirm.net>; Dan Green <dan@racineolson.com>
**Cc:** Richard Hearn <hearn@hearnlawyers.com>; John Ingelstrom <jbi@hearnlawyers.com>
**Subject:** FW: Cortes (Turney) v. Tewalt

**\* NOTICE: EXTERNAL EMAIL \***

Mr. Peterson: From Plaintiff Class' perspective there really is nothing left for Corizon to do in this Idaho case. It executed the settlement agreement and all parties jointly moved for the Court's final approval of the same. I believe that all

## John Ingelstrom

| | |
|---|---|
| **From:** | Carsten Peterson <CPeterson@hawleytroxell.com> |
| **Sent:** | Monday, October 30, 2023 4:35 PM |
| **To:** | John Ingelstrom; Steve Kraft; Dan Green |
| **Cc:** | Richard Hearn |
| **Subject:** | RE: Cortes (Turney) v. Tewalt [IWOV-IMANAGE.FID1913561] |
| **Attachments:** | Modification of Stay.pdf |

Counsel,

I was informed that neither me or my firm will be appearing for Corizon nor will new counsel be appearing for Corizon. It is the position of Corizon's bankruptcy counsel that Corizon does not need counsel in this case. Bankruptcy counsel believes that the stipulation on the limited modification of the stay (attached) allows the District Court to consider the settlement and it can enter an order. Bankruptcy counsel agrees there is nothing left for Corizon to do in this case.

Thanks,

**CARSTEN A. PETERSON**
Partner

**P:** 208.388.4894
**F:** 208.954.5206
**E:** cpeterson@hawleytroxell.com

**hawleytroxell.com**




**LexMundi** Bringing the best together™

This e-mail message from the law firm of Hawley Troxell Ennis & Hawley, LLP is intended only for named recipients. It contains information that may be confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law. If you have received this message in error, are not a named recipient, or are not the employee or agent responsible for delivering this message to a named recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited.Please notify us immediately at 208.344.6000 if you have received this message in error, and delete the message.

**From:** John Ingelstrom <jbi@hearnlawyers.com>
**Sent:** Thursday, October 26, 2023 11:09 AM
**To:** Carsten Peterson <CPeterson@hawleytroxell.com>; Steve Kraft <steve@melawfirm.net>; Dan Green <dan@racineolson.com>
**Cc:** Richard Hearn <hearn@hearnlawyers.com>; John Ingelstrom <jbi@hearnlawyers.com>
**Subject:** FW: Cortes (Turney) v. Tewalt

**\* NOTICE: EXTERNAL EMAIL \***

Mr. Peterson: From Plaintiff Class' perspective there really is nothing left for Corizon to do in this Idaho case. It executed the settlement agreement and all parties jointly moved for the Court's final approval of the same. I believe that all concerned were simply waiting for the Court to act when the Corizon (Tehum) bankruptcy was filed. With respect to the payment of fees and costs from Corizon to Plaintiff's counsel, as referenced in Ms. Bartholomew's email below, that issue is covered by the Bankruptcy Court's Order granting limited relief from the stay and, consistent with that Order, we have already filed our Proof of Claim in the bankruptcy case. We are preparing to soon file something with the Idaho District Court consistent with the Bankruptcy Court's order, including a copy of that Order. Nevertheless, we are trying to comply with Ms. Bartholomew's request that we confer with you and ask that you give us your thoughts. I thank you in advance. JBI

**From:** Janis Bartholomew <janis_bartholomew@id.uscourts.gov>
**Sent:** Monday, October 02, 2023 8:06 PM
**To:** Richard Hearn <hearn@hearnlawyers.com>
**Cc:** John Ingelstrom <jbi@hearnlawyers.com>; Dan Green <dan@racineolson.com>; Steve Kraft <steve@melawfirm.net>; cpeterson@hawleytroxell.com
**Subject:** Re: Cortes (Turney) v. Tewalt

This is great news. Please file it in the Cortes case with your motion stating what you would like the court to do (e.g., approve the settlement agreement, award fees, etc.).

I have added Carsten Peterson to this email string.

Carsten, please address with the other counsel whether you and Hawley Troxell are going to appear for Corizon again. See Dkts. 181-183. I still don't think we can go ahead with approval of the settlement agreement unless Corizon has counsel in this matter (because Corizon, as an entity cannot appear for itself and it is still a party), given that the parties (including Corizon) are seeking approval of payment of attorney fees from Corizon to Plaintiffs' counsel—even if that award eventually is going to have to go through the bankruptcy action. In any event, since Carsten presently is representing some of the individual defendants, he should be included in emails (correct me if that is wrong).

So, counsel, please confer among yourselves (not to include me) and resolve the question of Corizon's representation in this civil matter as it relates to the proposed court action to be taken, or Plaintiffs' counsel should state in their motion why they believe the settlement can proceed without Corizon representation in this matter.

Thank you.

*Janis Bartholomew*
Pro Se Staff Attorney
Prison Litigation Unit
United States District Court for the District of Idaho
208.334.1172 (prefer email)

**From:** Richard Hearn <hearn@hearnlawyers.com>
**Sent:** Monday, October 2, 2023 6:44 AM
**To:** Janis Bartholomew <janis_bartholomew@id.uscourts.gov>
**Cc:** John Ingelstrom <jbi@hearnlawyers.com>; hearn_hearnlawyers.com <hearn@hearnlawyers.com>; Dan Green

&lt;dan@racineolson.com&gt;; Steve Kraft &lt;steve@melawfirm.net&gt;
**Subject:** Cortes (Turney) v. Tewalt

**CAUTION - EXTERNAL:**

Ms. Bartholomew:
Please find, for the Court's consideration, the Order from the Bankruptcy Court lifting the
bankruptcy stay to allow Judge Winmill to act on the parties' pending motion for final approval
of the class action settlement in the above entitled case. Please let me know if this Order should
be formally filed in the Cortes matter.
Unless I hear differently from the Court or final approval is denied, we will file our motion for
attorney's fees per the terms of the settlement agreement and dismissal of the action shortly.
If you have any question, please let me know.
rick

# Richard Hearn, M.D.



151 N. 3rd Ave. Suite 100, Pocatello ID 83201 * (208) 904-0004

CONFIDENTIALITY NOTICE: This communication may contain information that is legally privileged, confidential or exempt from
disclosure and is intended solely for the addressee. If you are not the intended recipient, please note that reading, disseminating,
distributing, or copying this communication is strictly prohibited. If you receive this message in error, please notify the sender
immediately by calling (208) 904-0004 or by return e-mail, and also please permanently delete this message from your computer.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening
attachments or clicking on links.